CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 7:17-cr-00074 |
| ) | |
| CLAUDE LEE SIRRY, III, ) | |
| ) | By: Michael F. Urbanski |
| Defendant ) | Senior United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant Claude Lee Sirry, III's pro se motion for early termination of supervised release. ECF No. 41. For the reasons stated below, the court **DENIES without prejudice** Sirry's motion.

On December 4, 2017, Sirry pled guilty to one count of receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). Information, ECF No. 1; Guilty Plea Form, ECF No. 6. On July 9, 2018, the court sentenced Sirry to a term of 60 months' incarceration, to be followed by 5-year term of supervised release. J., ECF No. 32. Sirry was released from custody on September 2, 2022, and now has served approximately half his term of supervised release. Mot., ECF No. 41.

In his motion, Sirry states that he has been in complete compliance with the terms of supervised release. He has maintained employment, attended and reaped the benefits of counseling, gotten married, bought his parents' home, and maintained healthy relationships with friends and family. Id.

The court sought input from the United States Probation Officer who supervises Sirry. The officer advised that Sirry has done very well on supervision. He completed two years of sex offender treatment and was discharged successfully from therapy in 2024. He has been subject to polygraph examinations once or twice per year, none of which have detected deception. He has registered with the Virginia State Police Sex Offender Registry as required. He has maintained a stable residence and employment. The officer advised that other than the nature of the charge itself, nothing in Sirry's supervision file caused the officer to object to early termination.

The court ordered the government to respond to Sirry's motion and it did so, indicating no opposition to the motion. ECF Nos. 42, 44.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a period of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (4) any pertinent policy statement issued by the United States Sentencing

Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and he consistently tested negative in random drug testing).

Turning to the § 3553(a) factors and looking at the nature and circumstances of the offense, Sirry was convicted of receipt and distribution of child pornography. During the investigation of his case, Sirry told law enforcement officers that he had been looking at child pornography for approximately two years and preferred looking at images of children who were younger than 13 years old. Many of the images involved prepubescent children being

3

sexually assaulted by adults and included images of children who were physically restrained while being sexually assaulted. Pre-Sentence Investigation Report (PSR), ECF No. 43 ¶¶ 12, 13, 16, 17. While there was no indication that Sirry ever had engaged in contact or production offenses, Statement of Reasons (SOR) (sealed), ECF No. 33 at 4, the sexual exploitation of children is immeasurably harmful not only to the children who are assaulted but to the community and society at large. Accordingly, the nature and circumstances of Sirry's offense weigh heavily against early termination of supervised release.

Regarding his history and characteristics, Sirry was raised by both his parents who were married and he reported that his parents provided well for him and his four siblings. He was never abused and no one in his immediate family abused drugs or alcohol. Sirry has training as a welder and a heavy machinery mechanic, and is certified in "equipment/machinery air conditioning." PSR, ECF No. 43 ¶¶ 49, 50, 58. As set forth above, Sirry has done well on supervision. The court finds that Sirry's history and characteristics weigh in favor of early termination of supervision.

Looking at the need for the sentence to provide deterrence to criminal conduct and protect the public, having Sirry remain on supervised release will provide benefits to both him and the public. Remaining on supervised release assures that he will continue to be held accountable for his conduct as he continues to adjust to life outside of prison and increases the chances that he will enjoy long-term success when his supervision ends.

Regarding the established sentencing range for the category of Sirry's offenses, he served the mandatory minimum sentence of incarceration of 5 years. The court varied downward from his guidelines sentence of 151 to 188 months to 57 to 71 months after finding

4

that the enhancements for use of a computer, distribution, and the number of images was overstated. In addition, the court cited to the record showing that Sirry had no criminal history, strong employment, and had done well on pretrial supervision. Id. ¶¶ 61; SOR, ECF No. 33 at 3–4. Sirry also was sentenced to the 5-year statutory minimum sentence of supervision. The fact that Sirry was sentenced to the statutory minimum terms of incarceration and supervised release are neutral factors in determining whether his term of supervised release should be terminated early. None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

The court recognizes that Sirry has done well on supervision but concludes that having him remain on supervised release will protect the public, afford adequate deterrence to criminal conduct, and gives him the best chance at long-term success. Accordingly, the court **DENIES without prejudice** Sirry's motion for early termination of supervised release. Sirry may file another motion for early termination on or after September 1, 2026.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: 03-17-2025

Michael F. Urbanski
Senior United States District Judge